IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **JEREMY JAMES DALTON,** | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-00022 |
| | ) Judge Trauger |
| **STATE OF TENNESSEE, et al.,** | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Jeremy James Dalton, a pretrial detainee in the custody of the Fentress County Jail, filed a pro se petition for, e.g., writ of habeas corpus on April 16, 2020. (Doc. No. 1.) Along with the petition, he also filed a one-page, handwritten affidavit of poverty in which he states that his inmate trust account balance is five cents, "with a 291.00 dollar debt against." (Doc. No. 2.) The petitioner has now filed an application to proceed in forma pauperis on a form provided by the court (Doc. No. 9), along with a separate affidavit in which he affirms that attempts to obtain certification of his recent account balance have been unsuccessful, due in part to COVID-19. (Doc. No. 10 at 2.)

### I. PAUPER STATUS

Because the petitioner's IFP application and affidavit substantially comply with the requirements of Rule 3(a)(2) of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") [1] and demonstrate that he lacks sufficient funds to pay the filing fee, his application (Doc. No. 9) is **GRANTED**.

---

[1] The Habeas Rules may be applied to Section 2241 cases as well as Section 2254 cases. *See* Habeas Rule 1(b).

## II. INITIAL REVIEW

The petition is now before the court for an initial review under Habeas Rule 4, which requires the court to examine the petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v.Scott*, 512 U.S. 849, 856 (1994). Moreover, "Rule 4 dismissals are not limited to petitions that raise legally frivolous claims, but also extend to petitions containing factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999) (citing *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993)). The Sixth Circuit has stated that "the District Court has a duty to screen out" facially insufficient petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

The petition names as respondents the State of Tennessee, Fentress County, and "all discovered conspirators." (Doc. No. 1 at 2.) It asserts that the petitioner is unlawfully imprisoned based on a "conspiracy that has [the petitioner] still, after 19 months, incarcerated in the Fentress County Jail on an attempted murder charge." (*Id.* at 3.) The petitioner alleges that the "entire crime scene was staged," the "victim's testimony was fictitious," and the respondents "hope to gain a plea by keeping [him] in jail." (*Id.* at 4.) He claims that the conspiracy against him includes officials "from the circuit judge, down to the jailors at the jail" (*id.* at 5); that the conspiracy involves an abuse of power "reminiscent of the criminal underworld" (*id.* at 6); and, that "federal intervention is necessary" due to the level of corruption in Fentress County, where even local defense attorneys are complicit "either out of fear or necessity." (*Id.* at 12–13.) After recounting several incidents involving local law enforcement and the "ole-buddy network" that occurred in the years prior to his arrest (*id.* at 16–27), the petitioner ultimately asks the court to "compel a

2

Case 2:20-cv-00022   Document 15   Filed 06/02/20   Page 2 of 5 PageID #: 108

federal investigation and send a real cop to gain access to [his] case" and determine the truth. (*Id.* at 30–31.)

The petition is not denominated as a filing under either Section 2241 or Section 2254. Because it makes clear that the petitioner is not a prisoner "in custody pursuant to the judgment of a State court," § 2254(a), but a detainee awaiting trial, the court will construe the petition under Section 2241. *See Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (holding that district court erred in applying § 2254 because detainee is in custody pursuant to an indictment, rather than pursuant to a judgment; "We have long recognized that pretrial detainees pursue habeas relief instead under § 2241." (citations omitted)); *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1 (E.D. Ky. Mar. 3, 2020) (citing *Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013)) ("[B]ecause Ealy challenges the propriety of criminal charges still pending against him, § 2241 provides the most appropriate vehicle for his claims."). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights. *Ealy*, at *1–2 (citations omitted).

Here, the court liberally construes the petition to allege a speedy trial violation, as it repeatedly refers to the length of the petitioner's pretrial detention. While "[a] state pretrial detainee may bring a federal habeas action to demand a speedy trial" pursuant to 28 U.S.C. § 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)). The petitioner here seeks a federal investigation into the state's prosecution of his case. As a matter of comity, federal courts must abstain from exercising jurisdiction in such circumstances "if the

3

issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Id.* (citing *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971). The requirement that a federal habeas petitioner first exhaust his available state remedies is thus "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." *Id.* at 546–47.

Here, it is clear that the evidence-based issues raised in the petition can and should be resolved in state court as part of the petitioner's defense to the charge against him. Moreover, to the extent that the petition may be construed as seeking enforcement of the state's duty to try the petitioner promptly, it does not establish that the petitioner "has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to properly exhaust such a claim. *Id.* at 547. The Supreme Court has found this exhaustion requirement met where the claimant demonstrated his "repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden*, 410 U.S. at 490. In the instant case, the petition merely reveals that the petitioner filed a motion to represent himself in state court on April 8, 2020, based on his uncertainty over whether his attorney was to blame for his inability "to obtain [his] discovery," and that the motion was denied at a subsequent hearing.[2] (Doc. No. 1 at 13–14.) Given

---

[2] The petitioner revealed in a subsequent filing that his motion to represent himself in state court has now been granted. (*See* Doc. No. 12 at 2.)

4

the apparent availability of state remedies in the ongoing criminal proceedings against the petitioner, the court must abstain from exercising jurisdiction over this matter.

### III. CONCLUSION

In sum, upon initial review of the petition it plainly appears that the petitioner is not entitled to relief in the district court at this time. Further proceedings in this court are not warranted.

Accordingly, this case is **DISMISSED** without prejudice and the petitioner's pending motions (Doc. Nos. 4, 5, 6, 7, 12, and 13) are **DENIED** as moot.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that the petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge